# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Action No. 2:13-cr-49-4

BETH ANN BROWN,
        Defendant.

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Beth Ann Brown, in person and by counsel, Dorwin J. Wolfe, appeared before me on April 8, 2014. The Government appeared by Andrew Coger, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Eleven of the Indictment.

The Court proceeded with the Rule 11 hearing by first placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning his understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her

right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Beth Ann Brown, only after having had his rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court then inquired of Defendant whether she was a citizen of the United States. Defendant responded that she is a citizen. The undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The undersigned then reviewed with Defendant Count Eleven of the Indictment and the elements the government would have to prove, charging her with possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(D). The undersigned then reviewed

with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Eleven of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than five (5) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least two (2) years supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her waiver of appellate rights as follows:

Ct. Did you and your lawyer discuss and did you understand from that discussion that under 18 U.S.C. § 3742 you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals?

Def. Yes.

Ct. Did you and your lawyer also discuss that under 28 U.S.C. § 2255, you may collaterally attack or challenge your sentence by filing what is commonly called a writ of habeas corpus type motion?

Def. Yes.

Ct. Did you understand under your written plea agreement, and I'm now referring to paragraph 15, if the United States District Judge, some six or eight weeks from now when he sentences you, imposes an actual sentence which is consistent with a Guideline calculated sentence with a base offense level of 18 or lower, then you give up your right to appeal that actual sentence to the Fourth Circuit and you give up your right to collaterally attack or challenge that actual sentence and how it's being carried out by filing a writ of habeas corpus motion?

Def. Yes.

Ct. Did you intend to give up those two valuable direct and indirect, or collateral attack, rights as set forth in paragraph 15 of your written plea agreement?

Def. Yes, sir.

Ct. Has anything about your understanding of paragraph 15 changed since you signed the agreement on March 31st of this year and today?

Def. No, sir.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated

that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government or other persons, including her own attorney, other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Eleven of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Eleven of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also waived any interest in a 2002 Lexus ES 300, with West Virginia temporary plate #564538 and VIN JTHBF30G925033881; $4,000.00 in United States currency seized from her residence on November 15, 2012; and $3,011.00 in United States currency seized from Room 407 of the Microtel Hotel in Westover, West Virginia on February 11, 2012. She admitted that this property constituted proceeds of her offense and consented to its forfeiture.

Defendant, Beth Ann Brown, with the consent of her counsel, Dorwin J. Wolfe, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Eleven of the Indictment.

The Court then heard the testimony of West Virginia State Police Corporal John Wayne Smith, Jr., who is currently assigned to the Bureau of Criminal Investigations. Corporal Smith testified that the investigation of Defendant began with UPS's interception of a package containing marijuana before it arrived at Defendant's residence in French Creek, West Virginia, in Upshur

County, within the Northern District of West Virginia. That interception occurred in the summer of 2010, and UPS officials turned the package over to the West Virginia State Police. Further investigation revealed that Defendant received packages of marijuana at her residence and that these package were mailed by co-defendant Lennox Buckley. The marijuana would then be prepared for redistribution at Defendant's residence. On November 15, 2012, officers executed a search warrant at Defendant's residence. In Defendant's bedroom, they located and seized approximately 240 grams of marijuana that was packaged in two bags. The substance in the bags was confirmed to be marijuana by the West Virginia State Police laboratory. Officers also located empty bags consistent with marijuana packaging and two sets of scales used to weigh marijuana for redistribution.

Defendant stated she heard, understood, and did not disagree with Corporal Smith's testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count Eleven of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by Corporal Smith's testimony.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Eleven of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Eleven of the Indictment; and Defendant's plea is

independently supported by Corporal Smith's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to Count Eleven of the Indictment and finds her guilty on said charge as contained in Count Eleven of the Indictment.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal Service pending further proceedings in this matter.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: April 9, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE